**HUGH W. WEAR, et al., constituting the Board of Public Instruction for the County of Polk, et al., v. W. W. FAULKNER, et al., as Trustees of the Medulla Special Tax School District No. 17 in Polk County, et al.**

27 So. (2nd) 745 June Term, 1946
November 8, 1946 Special Division B

C. A. Boswell, Jr., for appellants.

B. G. Langston and George P. Garrett, for appellees.

BARNS, Circuit Judge:

In accordance with the provisions of Florida Statutes 236.59, a plan was prepared and adopted by the Polk County School Board to provide for the organization of more adequate school districts in Polk County. The proposed plan contemplated dividing the county into ten school districts instead of the thirty-seven special tax school districts theretofore existing. The proposed districts were extensions of existing districts and were so organized that all territory within Polk County was to be included in some district so that within each proposed district there would be "one or more permanent high school centers" having at least one hundred pupils enrolled in grades ten to twelve inclusive, as prescribed in said section.

On November 6, 1945, a school district election was held in the various proposed extended ten districts of Polk County to determine whether or not a majority of the qualified electors in each of the proposed enlarged districts should approve the alternation of the districts as proposed and, if the proposed alteration of the district or districts were approved, to determine the trustees to serve and the district millage to be levied for the ensuing biennium. In four of the districts a majority of the votes cast were in favor of the alterations as proposed, and in six of the proposed districts a majority of the votes cast were against the alterations as proposed.

The appellee-plaintiffs are trustees of School Tax Districts No. 4, No. 8, and No. 17. Such districts were within areas that disapproved the alterations. Each of such districts lost a part of its area to one of the districts that voted favorably for the extension, viz:; Districts No. 1, No. 6, and No. 22. They have filed their bill against the Board of Public Instruction for the County of Polk and the Secretary and Superintendent thereof, and the Trustees of Special Tax School Districts No. 1, No. 6, and No. 22, wherein appellees prayed for temporary and permanent injunctions to enjoin the appellants from taking any action recognizing the extensions of the three districts attempting to incorporate part of their districts.

The Constitution states that:

"The Legislature may provide for the division of any county or counties into convenient school districts . . . " Sec. 10, Article XII.

The language is so simple as to need little interpretation or construction. It is remedial in its nature and should be construed liberally. The object is "convenient school districts."

The circumstances must be considered in order to determine what is "convenient." To accomplish convenience, alteration by enlargement or contraction as well as consolidation may be authorized.

A circumstance to be considered in determining what is convenient in the constitutional provision requiring that district taxes be spent for district purposes and prohibiting the diversion of its funds for other ppurposes.

"No law shall be enacted authorizing the diversion or the lending of any county or district school funds . . . " Sec. 13, Article XII. See also Sec. 10, Article XII.

Section 236.59 F.S.A. requires that when any school district does not contain a high school of at least one hundred pupils in grades 10, 11 and 12, that a satisfactory plan shall be adopted and submitted to an election for adoption or rejection.

Section 236.59 (1) F.S.A. provides for "high school centers" and that:

"Insofar as practicable, the proposed districts shall be so organized that all territory within the county is included in some district which would be considered adequate, and so that within each proposed district is located one or more permanent high school centers as prescribed herein."

This seems to fix a standard for "convenient school districts" as specified in Section 10, Article XII, of the Constitution (supra).

The statute contemplates that an existing district *might be divided* by requiring that County Board shall state in the notice of the election:

"(e) a list of the original school districts or parts of school districts to be included in the proposed district." Sec. 236.59 (5) F.S.A. that:

" . . . if any district has been divided as a result of the election the balances and current obligations outstanding shall be divided equitably and proportionately between the divided parts of the district by the county board." 236.59 (12) F.S.A.

If senior high schools are to be made available to all children of a county they must be provided in their own district or else the high school of one district must be held available for the children of other districts.

In Polk County the policy has been advanced to so enlarge the districts around the ten high schools that the children attending high schools will be attending a high school supported by the district of their residence. The attempt to advance this policy has met with only the partial success above stated.

Plaintiff-appellees by their bill complain that a part of their respective districts has been taken from them without their consent and without their qualified electors having an opportunity to vote directly on the question. The learned Chancellor sustained their contention and enjoined the defendant-appellants from giving the election any effect.

The Constitution authorizes the legislature to provide for the division of a county into "convenient school districts." The legislature has stated a standard for convenient school districts and has provided a method of accomplishing such division.

The legislature in an effort to provide for county division into "convenient school districts" has directed that the local officials shall follow certain procedure and adhere to the stated standard. No school district has such a permanent right to any particular portion of its district as to preclude without its consent its being placed in another district when the public welfare justifies such transfer and no binding prohibition is violated. It has not been shown that the public walfare has been frustrated. It appears that the Constitution and the Statutes have been followed and it is our conclusion that the action taken has not been unreasonably arbitrary and violates no specific constitutional prohibition.

Before the election, Sections 19 and 30 of T 27 S. Range 25 E were in the School Tax District No. 6 (Auburndale). By the election it was proposed that these two sections be placed in extended School Tax District No. 16 in event they voted for it. School Tax District No. 16 did not vote for it.

Like results occurred as to Section 25-29-25 and the north half of 34-28-27 as between other districts.

These areas, consisting of 3½ square miles, were in a school tax district and it was proposed they should become a part of the adjoining tax district in event the vote in the adjoining tax district was favorable. It was not. It is therefore our conclusion that since the expressed purpose of the statute is to place every portion of the county in a school district that such areas remain in the original district until they become a part of another district or until it is made to clearly appear that it intended they be eliminated from all such districts.

It is argued that since each of the ten extended district areas did not vote favorably the whole plan failed. The plan was severable and the statute provides:

"Results of the Election.—Whenever a majority of all votes cast in the election by the qualified electors in any proposed district are in favor of creating the new district as proposed, the county board shall, by resolution, declare district created and, from and after the dates prescribed below, the previous districts within the area shall cease to exist for

purposes relating to the maintenance and support of the schools. Any school district created under this section shall continue until reorganized or changed, as provided by law." 236.59 (9) F.S.A.

It appears from the foregoing language that each election unit was to be treated independent of the other election unit. The section specifies the effect of a favorable election in "any proposed district." The effect on the several elections was not dependent upon the entire success of the entire plan.

Section 236.59 (14) F.S.A. provides that upon disapproval by the election on the question of a new district: "then the original districts in that area shall be continued during the ensuing biennium."

Whether such districts continue beyond the ensuing biennium we do not here decide, but in passing will state that it appears that they would.

It is our conclusion that the final decree was erroneous and should be reversed. It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.